```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                        CIVIL MINUTES--GENERAL
```

Case No.    CV 15-8639-PSG(AJW)                    Date: November 16, 2015

TITLE: <u>Randall Powell v. W.L. Montgomery</u>
========================================================================
PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE

    <u>Ysela Benavides</u>                    _____
    Deputy Clerk                             Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                         None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on October 29, 2015.[1] From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA. <u>See</u> 28 U.S.C. § 2244(d)(1).

Petitioner was convicted in 2011. [Petition at 2]. The California Court of Appeal affirmed his conviction on March 12, 2014, and the California Supreme Court denied petitioner's petition for review on June 18, 2014. [Petition at 2-3]. Petitioner's conviction became final ninety days later, on September 16, 2014, when the time for filing a petition for a writ of certiorari expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Accordingly, petitioner had one year – or until September 16, 2015 – to file a federal habeas corpus petition. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001).

This petition was not filed until October 29, 2015, six weeks after the limitation period expired. Thus, absent tolling or some other exception to the statute of limitation, this petition is untimely.

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 218-219 (2002).

---

[1] Although the petition was filed by the Clerk's Office on November 4, 2015, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). In this case, the Court assumes that petitioner handed his petition to the proper prison official on the date he signed the proof of service.

1

Petitioner, however, indicates that he did not file any habeas corpus petitions in state court. [See Petition at 3].

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nothing in the petition suggests that petitioner is entitled to equitable tolling.

Petitioner shall show cause why the petition should not be dismissed as untimely by filing a response within twenty-eight (28) days of the date of this order. The response shall indicate whether and when petitioner filed any petitions challenging his conviction in the state courts. In addition, if he contends that he is entitled to equitable tolling, petitioner must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

MINUTES FORM 11                                      Initials of Deputy Clerk_____
CIVIL-GEN

2